Rapallo, J.
If the premises were rendered wholly untenantable by the fire, the defendants were entitled to a verdict, notwithstanding that the building was not destroyed, but only partially damaged. This is the plain meaning of the covenant contained in the lease. The court submitted to the jury the question whether or not the premises were rendered wholly untenantable by the fire, and no objection was made by the plaintiffs to such submission. It was not claimed at the trial that the evidence was not sufficient to warrant the submission of that question to the jury, nor was any exception taken to the definition given by the court of the term tenantahle, nor was the court requested to give any further or different instruction to the jury on the subject. The jury, in finding a verdict for the defendants, have necessarily found that the premises were rendered wholly untenantable, and that finding is conclusive in this court.
The request to charge that the occupancy by Hotchkiss Brothers, the under-tenants of the defendants, of the first floor and basement and cellar, after the fire, estopped the defendants from denying that the premises were tenantahle, was properly refused. It appeared in evidence that the stock of Hotchkiss Brothers consisted of mineral water in bottles, and was not liable to be injured by wet or dampness; that they had a large amount of it stored in the basement and cellar, and they preferred remaining, though at great inconvenience, to the expense and loss consequent upon a removal. Such an occupancy was not inconsistent with the allegation that the premises were untenantable. The evidence showing the circumstances which led them to remain was properly admitted. The terms of the lease did not require that the tenants should abandon their possession to entitle them to a suspension of the rent.
The rent received by the defendants from these under- *545 tenants was paid over to the plaintiffs, and they have no ground for complaint in that respect.
We have examined the various exceptions contained in the case, and find none which we deem well taken.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.